**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY DAWON TAYLOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1087-MJR** |
| | ) | (Related Case:  96-cr-40027) |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER ON *JOHNSON*-BASED PETITION TO**
**VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255**

**REAGAN, Chief Judge:**

> **A.**    **Introduction and Procedural History**

Twenty years ago in Case No. 96-CR-40027-WLB, a jury convicted Anthony Dawon Taylor of three charges – conspiracy to distribute and possess with intent to distribute crack cocaine (Count 1), and distribution of crack cocaine (Counts 2 and 3), in violation of 21 U.S.C. 841(a)(1) and 846.  The late Judge William L. Beatty sentenced Taylor in November 1996.  Judge Beatty determined that Taylor was a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines.  Judge Beatty sentenced Taylor to a total of 360 months in prison, followed by 5 years of supervised release.  (The term of imprisonment was comprised of 360 months on Count 1, running concurrently with 240 months on each of Counts 2 and 3.)  Judgment was entered on November 13, 1996.

Taylor filed a direct appeal.  In June 1997, the United States Court of Appeals for the Seventh Circuit affirmed Taylor's conviction and sentence.  *United States v. Taylor,* **116 F.3d 269 (7th Cir. 1997).**

In June 1998, Taylor filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 (Case No. 98-cv-4207-WLB).  Judge Beatty denied the petition but granted a certificate of appealability on particular claim of ineffective assistance of counsel (*id.*, Doc. 26).  In June 2002, the Court of Appeals affirmed the denial of Taylor's § 2255 petition.  *Taylor v. United States,* **287 F.3d 658 (7th Cir. 2002).**

In January 2015, Taylor filed in his closed criminal case in this Court a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines, via 18 U.S.C. 3582.  Supplemental briefs raised the June 26, 2016 United States Supreme Court decision in *Johnson v. United States,* **-- U.S. --, 135 S. Ct. 2551 (2015).**  On August 26, 2015, the undersigned denied Taylor's motion to reduce sentence after concluding that Taylor was not entitled to a reduction under Amendment 782.

The Order mentioned that the *record then before the Court* indicated that, even assuming that the holding of *Johnson* extended to the residual clause of U.S.S.G. 4B1.2, *Johnson* furnished no basis for a sentence reduction for Taylor, due to the nature of his prior convictions.[1]

---

[1]     "Defendant's classification as a career offender was based on two prior felony convictions which are both crimes of violence, as that term is defined in U.S.S.G. § 4B1.2(a)….  Burglary falls under the **enumerated crimes clause** … of … § 4B1.2(a)(1)….  Aggravated battery with a firearm falls under the **elements clause** of … § 4B1.2(a)(1)….  No residual clause … was used in sentencing Defendant, so *Johnson* does not offer any basis on which to reduce Defendant's sentence" (Doc. 70, pp. 6-7).

After Taylor's counsel received a document which potentially called into question the nature of one of Taylor's prior convictions, i.e., whether the aggravated battery conviction fell under the elements clause of U.S.S.G. 4B1.2(a)(1), he sought reconsideration/clarification. On August 28, 2015, the undersigned clarified that the August 26th Order denying Amendment 782 relief (and commenting on *Johnson*-based arguments for sentence relief) did not preclude Taylor filing a *Johnson*-based § 2255 petition, if he secured approval from the Court of Appeals to do so.

On September 18, 2015, Taylor obtained authorization to file a second § 2255 petition. Although finding that Taylor had identified a tenable claim under *Johnson*, the Court of Appeals pointed out (Doc. 73 in Case No. 96-cr-40027-MJR):

> Taylor asserts … that one of his predicate felonies was for aggravated battery in Illinois, which is not necessarily a crime of violence in the wake of *Johnson*…. Taylor has made a prima facie showing that he may be entitled to relief, so we GRANT his application….

> We caution the district court that our review is necessarily preliminary…. Multiple issues remain open in the district court: Whether (and if so how) *Johnson* applies to U.S.S.G. § 4B1.2(a)(2) (the residual clause of the career-offender guideline); whether Taylor's battery conviction qualifies under U.S.S.G. § 4B1.2(a)(1); and finally whether Taylor's other convictions suffice for career-offender treatment.

On October 2, 2015, Taylor filed a pro se combined § 2255 petition and supporting brief herein seeking a corrected sentence based on *Johnson.* Specifically, Taylor presented two arguments (Case No. 15-1087-MJR, Doc. 1, p. 3, p. 7):

> (1) his "aggravated battery conviction does not have … an element of violent force," so it cannot count as a crime of violence, and

> (2) his burglary conviction "cannot stand as a predicate offense for § 4B1.1 purposes because it does not meet the criteria for federal burglary."

On threshold review, the undersigned found Taylor's pro se § 2255 petition not subject to immediate dismissal and, in accord with Administrative Order 176, appointed the Federal Public Defender's Office for the Southern District of Illinois to assist Taylor.  Assistant Federal Public Defender Cronin entered his appearance and, in January 2016, filed an amended § 2255 petition plus a detailed supporting brief and exhibits.  The amended petition focuses on the argument flagged by the Seventh Circuit – whether Taylor's Illinois aggravated battery conviction qualifies as a predicate offense for career offender purposes.  Mr. Cronin acknowledged that to succeed, this argument required the Seventh Circuit to overrule precedent and allow retroactive challenges to Guidelines-based sentences (Doc. 6, p. 3).

In February 2016, the United States ("the Government") responded with a lengthy memorandum and additional exhibits.  Mr. Cronin filed a reply and a supplement in March and April 2016, respectively.  The parties have thoroughly addressed the issues.  For the reasons stated below, the Court dismisses Taylor's petition to vacate, set aside, or correct sentence (Doc. 1), as amended and supplemented (Docs. 6-7).

      **B.**      <u>**Applicable Legal Standards**</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255.  **28 U.S.C. 2255(f);** *Purvis v. United States,* **662 F.3d 939, 942 (7th Cir. 2011).** *Accord Clay v. United States,* **537 U.S. 522, 524 (2003) ("A motion by a federal prisoner … under 28 U.S.C. § 2255 is subject to a one-year time**

limitation that generally runs from 'the date on which the judgment of conviction becomes final.'").

The one-year limitation period is triggered by the latest of four events:

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).  The statute does not provide for extensions of time.[2]

Taylor filed his pro se petition within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson,* a decision that has been made retroactively applicable to cases on collateral review.  *Welch,* **136 S. Ct. at 1265 (7th Cir. 2016) ("***Johnson*** is ... a substantive decision and so has retroactive effect ... in cases on collateral review.");** *Price v. United States,* **795 F.3d 731, 734 (7th Cir. 2015) (***Johnson*** announced a new substantive rule which applies retroactively on collateral review).**  This kiboshes the Government's second argument (Doc. 9, pp. 8-15),

---

[2]     The limitation period is not jurisdictional and can be equitably tolled. ***Boulb v. United States,*** **818 F.3d 334, 339 (7th Cir. 2016),** *citing Holland v. Florida,* **560 U.S. 631, 645, 649 (2010).**  But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" which prevented him from filing the petition on time.  *Id., quoting Socha v. Boughton,* **763 F.3d 674, 684 (7th Cir. 2014).**  *Accord Nolan v. United States,* **358 F.3d 480, 484 (7th Cir. 2004).**

an argument presented before *Welch* was decided.  The Court treats Taylor's petition as timely-filed.

Next, under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether to set an evidentiary hearing.  Not every petition warrants a hearing.  ***Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016).  *See also Martin v. United States,* 789 F.3d 703, 706 (7th Cir. 2015); *Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006).**  The record before this Court conclusively reveals that Taylor is not entitled to relief, so no hearing is needed.

C.   <u>**Analysis**</u>

Analysis starts with the proposition that relief under § 2255 is limited.  It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  ***Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). *Accord United States v. Coleman,* 763 F.3d 706, 708 (7th Cir. 2014).**

*Johnson* declared unconstitutional part of a federal *statute* -- the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B)(ii).  But Taylor was not sentenced under the ACCA, he was sentenced under the advisory Sentencing Guidelines.  *Johnson* did not address the residual clause found in several provisions of the Guidelines, such as the career offender provision of § 4B1.1 (at issue here).

Section 4B1.1 says a defendant is a <u>**career offender**</u> if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense,

and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  **U.S.S.G. 4B1.1(a).**

At the time relevant to this case, § 4B1.2(a) of the Guidelines defined **<u>crime of violence</u>** as any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The ACCA residual clause found impermissibly vague in *Johnson* is identical to the Guidelines residual clause italicized above -- the latter clause of subsection (a)(2). Whether the holding of *Johnson* applied to the residual clause in § 4B1.2(a)(2) was an open question in this Circuit until just weeks ago.  On August 29, 2016, the Court of Appeals for the Seventh Circuit, applying the rationale of *Johnson,* found the residual clause in § 4B1.2(a)(2) unconstitutionally vague.  *United States v. Hurlburt,* **-- F.3d --, 2016 WL 4506717, \*7 (7th Cir. 2016).**

This undermines the Government's first argument (Doc. 9, pp. 6-8) -- that the current binding precedent of this Circuit holds that the Sentencing Guidelines are not susceptible to challenge on constitutional vagueness grounds.  (It bears note that the Government presented that argument in February 2016, long before *Hurlburt* was handed down in August 2016.)

*Hurlburt* overruled Seventh Circuit precedent and declared the Sentencing Guidelines open to vagueness challenges. ***United States v. McGuire,* -- F.3d --, 2016 WL 4527557, \*2 (7th Cir. Aug. 30, 2016),** *citing **United States v. Tichenor,* 683 F.3d 358 (7th Cir. 2012).** But not all circuit courts have reached the same conclusion. Indeed, there is a circuit split on this question, and the United States Supreme Court has not yet decided it. The Supreme Court will confront the issue this fall. In ***Beckles v. United States,* No. 15-8544, 2016 WL 1029080 (June 27, 2016),** certiorari was granted on the questions of whether the rule announced in *Johnson* applies to the residual clause of U.S.S.G. 4B1.2(a)(2) and, if so, whether it applies retroactively on collateral review.[3] There is no need to postpone ruling in the instant case awaiting *Beckles*, though. Careful analysis reveals that Taylor is not entitled to § 2255 relief under *Johnson* and its progeny, even if the Supreme Court reaches the same conclusion the Seventh Circuit did in *Hurlburt and* makes that holding retroactive to cases on collateral review.

As noted above, when Taylor was sentenced, to be designated a career offender under the Guidelines, the defendant had to be at least 18 years old at the time he committed the instant offense of conviction, the instant offense of conviction had to be a crime of violence or a controlled substance felony, and the defendant had to have at least two prior felony convictions of either a crime of violence or a controlled substance offense. **U.S.S.G. 4B1.1(a).**

---

[3]     In a separate opinion issued August 29, 2016, in ***United States v. Rollins,* -- F.3d --, 2016 WL 4587028 (7th Cir. 2016),** the Seventh Circuit held that a crime listed only in the *Application Notes* to U.S.S.G. 4B1.2 (e.g., robbery) does not qualify as a "crime of violence" so as to support classifying a defendant as a career offender. That is the third issue certified by the Supreme Court in *Beckles*.

Clearly, Taylor was over 18 when he committed the offenses he went to trial on in this Court, and those offenses (distribution of cocaine base and conspiracy to distribute and possess cocaine) were controlled substances offenses.  But did Taylor have two prior felony convictions for "crimes of violence"?  When Taylor was sentenced, that term was defined in § 4B1.2(a) of the Guidelines (later amended, effective August 1, 2016) as any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives….

Taylor's presentence investigation report (PSR, Doc. 8-1, ¶¶ 40, 44) listed the following felony offenses to support application of the career offender enhancement:

> <u>Burglary and Assault with a Dangerous Weapon</u> under U.S. Military Law (Articles 128 and 129 of the Uniform Code of Military Justice, 10 U.S.C. 928-929); and
> <u>Aggravated Battery</u> under Illinois law (720 ILCS 5/12-3 & 5/12/4(b)(8)).

Taylor's **burglary and assault with a dangerous weapon** conviction is a crime of violence for career offender purposes.  These two separate offenses (burglary + assault with a deadly weapon) were committed on the same day with the same victim and no intervening arrest, were sentenced the same day, and thus are "related" cases which count as a single predicate under the Guidelines.  So counsel and the Court refer to them collectively as a single conviction.

The <u>burglary</u> conviction was under Article 129 of the Uniform Code of Military Justice, 10 U.S.C. 929, which defines this offense to include breaking and entering, during the nighttime, *the dwelling house of another*.   When Taylor was sentenced, burglary of a dwelling fell squarely within the enumerated clause of U.S.S.G. 4B1.2(a)(2).   (The Government also argues that the <u>assault with a deadly weapon</u> conviction under Article 128 of the Uniform Code of Military Justice, 10 U.S.C. 928,  fell within the elements clause of U.S.S.G. 4B1.2(a)(1), because it had as an element the use or attempted use of physical force against another person, *see* Doc. 9, pp. 21-22).

Defense counsel concedes that Taylor's 1987 burglary and assault with a dangerous weapon conviction counts as one predicate offense for career offender purposes (Doc. 6, p. 3; Doc. 7, p. 2).   The Court agrees.   That is one of the two requisite predicate offenses needed to support a career offender designation.[4]

The thornier issue is whether Taylor's Illinois **aggravated battery** conviction was properly counted as a predicate.[5]   With their briefs, the parties tendered exhibits relevant to Taylor's 1994 Alexander County, Illinois aggravated battery conviction, including the information, the docket sheet, and the "Plea of Guilty" from Case No. 94-CR-125 (*see* Docs. 7-1, 7-2, 7-3, 7-4).   Before addressing the parties' arguments based on those documents, the undersigned must ascertain that the documents can be consulted.

---

[4]      The Court rejects Taylor's pro se argument that this conviction does not qualify as a career offender predicate.

[5]      The PSR indicated that Taylor pled guilty to aggravated battery *with a firearm*.  He actually pled guilty to aggravated battery.  The firearm language was not included in a later-filed information in the Illinois case (see Doc. 7, p. 3).

Cases decided after the briefing closed herein shed light on what this Court may consider in deciding whether a prior conviction is a crime of violence for federal sentencing purposes. In *Mathis v. United States*, -- U.S. --, **136 S. Ct. 2243 (June 23, 2016),** the Supreme Court resolved a circuit split in a case that again endorsed an elements-only approach to assessing whether a prior conviction qualified as a violent felony for federal sentencing (under ACCA). A bit of background aids resolution of this point.

Typically, courts must apply a categorical approach, asking only whether the elements of the offense forming the basis of the prior conviction sufficiently match the elements of the generic or commonly understood version of that crime. Courts confine their inquiry to the elements of the prior crime, i.e., the constituent parts of the legal definition of the crime. Courts do not delve into the facts or circumstances of how a particular defendant committed that crime. The "elements" are what the jury must find to convict the defendant at trial (i.e., what the prosecution had to prove beyond a reasonable doubt) or what the defendant necessarily admitted in pleading guilty. *Mathis,* **136 S. Ct. at 2248.**

As long as the elements of the prior crime are the same as or narrower than the generic offense, the prior crime counts as a predicate. *See, e.g., Taylor v. United States,* **495 U.S. 575, 599 (1990) (if the state statute is narrower than the generic view, "there is no problem, because the conviction necessarily implies that the defendant has been found guilty of all the elements of"** the generic offense).

The inquiry is simple if the statute defines a crime with one indivisible set of elements.  "The court then lines up that crime's elements alongside those of the generic offense and sees if they match."  **Mathis, 136 S. Ct. at 2248.**  The task is made more difficult when the statute lists the elements in the alternative and thereby defines multiple crimes.  **Id. at 2249.**  In that situation, confronted with a "divisible" statute, the court may follow the modified categorical approach and consult a limited class of documents (e.g., indictment, jury instructions, plea agreement and colloquy) "to determine what crime, with what elements, a defendant was convicted of," and then compare that crime with the relevant generic offense.  **Id., citing Shepard v. United States, 544 U.S. 13, 26 (2005).**[6]

The task is harder still if the statute lists multiple alternative *means* of satisfying one of its elements.  That was the type of statute under review in **Mathis.**  In that case, the defendant received a 15-year sentence enhancement in federal court based on his prior convictions under Iowa's burglary statute.  The generic offense of burglary has the following elements:  unlawful entry into a building or other structure with the intent to commit a crime.   The Iowa burglary statute covered not just buildings or structures but also vehicles, meaning there was more than one way to fulfill a single element of the Iowa burglary law.

---

[6]     A state law forbidding the lawful entry or the unlawful entry of a premise with intent to steal would create two different offenses, one more serious than the other.   A defendant's conviction under that law would "match" generic burglary and qualify as an ACCA predicate if he was convicted of *unlawful* entry but not *lawful* entry, so the court could look at the *Shepard* documents to see what the defendant was convicted of – which elements were integral to his conviction – and whether those matched generic burglary.  **Mathis, 136 S. Ct. at 2249.**

In *Mathis*, the Supreme Court emphasized that Iowa's burglary statute set out disjunctive means or "factual scenarios" of committing the crime of burglary, not alternative *elements* of conviction.   This meant the Iowa law was *not* a divisible statute. Reliance on a conviction under this kind of statute is problematic, because a jury need not necessarily make specific findings at trial to obtain a conviction for (or a defendant make specific admissions in pleading guilty to) such a crime.   **Mathis, 136 S. Ct. at 2249.** Since the Iowa statute was not divisible, the sentencing judge was not allowed to invoke the modified categorical approach to inspect records of the prior convictions and determine whether the defendant had burgled structures (which would match generic burglary) as opposed to vehicles (which would not match generic burglary).

The sentencing judge had to stick with the categorical approach and ask whether the *elements* of Iowa burglary were the same as or narrower than those of the generic offense of burglary.   They were not.   The elements of Iowa's burglary statute were broader than the elements of the generic offense of burglary, so a prior conviction for burglary in Iowa could not be counted as an ACCA violent felony predicate.

> … the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)….   Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense....   How a given defendant actually perpetrated the crime—what we have referred to as the "underlying brute facts or means" of commission, *Richardson,* 526 U.S., at 817 …—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence.

> Those longstanding principles, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission. The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition.

*Mathis,* **136 S. Ct. at 2251.**

*Mathis* involved sentence enhancement under ACCA.  On September 8, 2016, the Seventh Circuit applied *Mathis* in the context of enhancement under the Guidelines.  In *United States v. Edwards,* **-- F.3d --, 2016 WL 4698952 (7th Cir. 2016),** the Seventh Circuit scrutinized whether the Wisconsin burglary statute was divisible such that the sentencing judge could consult the state court charging documents to decide whether a prior conviction was a crime of violence under the Guidelines.[7]  The Court ultimately found that the Wisconsin law was *not* divisible.  It identified two different means of committing a single crime (burglary) as opposed to listing alternative elements that create multiple, distinct offenses.  The Court explained (*id.* **at 3, emphasis added**):

> The concept of divisibility is an outgrowth of the categorical approach that governs the crime-of-violence determination under the Sentencing Guidelines…. The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense…. **If the statutory definition is the same as (or narrower than) the Guidelines definition, the prior conviction can be counted as a crime of violence…. [i]f a statute defines an offense more broadly than the Guidelines, the prior conviction doesn't count**….  Consequently, in most cases the sentencing judge's inquiry is limited to "the fact of conviction and the statutory definition of the prior offense." *Taylor,* 495 U.S. at 602….

---

[7]    More specifically, the case involved consolidated appeals in which district courts had enhanced federal sentences under U.S.S.G. 2K2.1(a), which relies on the definition of "crime of violence" contained in U.S.S.G. 4B1.2(a).

We say 'most cases' because the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases…. This occurs when a statute is "divisible"….

Until recently, the circuits were split regarding what qualifies as a divisible statute….   The Supreme Court resolved the split in *Mathis*, holding that a statute is divisible only if it creates multiple offenses by listing one or more alternative *elements*. *Id.* at 2253–54. A statute that defines a single offense with alternative *means* of satisfying a particular element is indivisible and therefore not subject to the modified categorical approach. *Id.* at 2251.

In *Edwards* (like *Mathis*), the sentencing court had improperly consulted records of the defendants' prior convictions to find the defendants had committed the type of burglary which counted as a crime of violence for federal sentencing purposes.  The Seventh Circuit emphasized that post-*Mathis*, "this recourse to state-court charging documents was improper," because the statute was not divisible, it only set forth alternative means of satisfying one element (the location element) of the state burglary offense.  *Edwards* **at *1.**  Sticking with the categorical (elements-only) approach, the Seventh Circuit determined that the elements of the crime of conviction were broader than "the elements of the Guidelines offense so the defendants' burglary convictions cannot serve as predicate offenses under § 2K1.1(a)."  *Id.* **at 6.**

With the lessons of *Mathis* and *Edwards* in mind, we turn to Taylor's 1994 conviction for aggravated battery under Illinois law.  The parties did not brief the question, but the undersigned concludes that the Illinois battery statute is divisible, so the charging documents and exhibits submitted by counsel may be examined here.

The Illinois battery statute in effect at the time, **720 ILSC 5/12-3(a) (1994),** provided:

> A person commits battery if he intentionally or knowingly
> without legal justification and by any means,
> (1) causes bodily harm to an individual or
> (2) makes physical contact of an insulting or provoking nature with an
> individual.

Section 5/12-4 elevates simple battery to aggravated battery if certain conditions are met, like the offender knew the victim to be a peace officer, or knew the victim was pregnant, or committed the offense on a public way or public property.

The two subsections of 5/12-3(a) are alternative *elements* of the state battery statute.  In other words, as the Seventh Circuit has recognized, the Illinois battery statute embraces two distinct crimes under the two different prongs.  ***See United States v. Evans*, 576 F.3d 766, 768-69 (7th Cir. 2009).**  Battery under the "causes bodily harm" prong of 720 ILSC 5/12-3(a)(1) fits within the Guidelines definition of crime of violence under the elements clause of U.S.S.G. 4B1.2(a)(1), because it has as an element the use, attempted use, or threatened use of physical force against another person.  ***Evans*, 576 F.3d at 767 (Illinois battery conviction would be  a "crime of violence" under U.S.S.G. 4B1.2(a)(1) if it fell under the causes-bodily-harm subsection, not the insulting-or-provoking subsection).**  In *Hill v. Werlinger*, **695 F.3d 644, 649 (7th Cir. 2012),** the Seventh Circuit reiterated:  "We have previously decided that a conviction under the first prong of the Illinois battery statute, 720 ILCS 5/12-3, which requires that the person 'causes bodily harm,' has as an element 'the use, attempted use, or threatened use of physical force.'"  ***See also United States v. Rodriguez-Gomez*, 608 F.3d 969, 973-74 (7th Cir. 2010) (Illinois aggravated battery conviction under "causes bodily harm" prong is a crime of violence for federal sentencing enhancement purposes).**

If Taylor was convicted under the "causes bodily harm" prong of the Illinois battery law, then his conviction qualifies as a crime of violence for career offender purposes. The *Shepard* documents reveal that Taylor was charged with and convicted under the "causes bodily harm" prong of 720 ILCS 5/12-3.

Count II of the Information (Doc. 7-2, p. 1, emph. added) stated:

THAT ON THE 20TH DAY OF AUGUST, 1994, …

ANTHONY TAYLOR COMMITTED THE OFFENSE OF AGGRAVATED BATTERY, IN THAT SAID DEFENDANT IN COMMITTING A BATTERY, IN VIOLATION OF ILLINOIS COMPILED STATUTES, CHAPTER 720, SECTION 5/12-3, WITHOUT LEGAL JUSTIFICIATION, AND WHILE COREY HENDERSON WAS LOCATED ON THE GROUNDS OF … A PUBLIC PLACE, KNOWINGLY **CAUSED BODILY HARM** TO COREY HENDERSON, IN THAT HE STRUCK COREY HENDERSON ABOUT THE BODY, IN VIOLATION OF PARAGRAPH 5/12-4(b)(8), CHAPTER 720, ILLINOIS COMPILED STATUTES.

The Court rejects defense counsel's argument that the "causes bodily harm" language in the information against Taylor was merely surplus language (Doc. 7, p. 5). The phrase "causes bodily harm" is a term of art with significance in Illinois criminal law. Taylor was charged with and convicted of the "causes bodily harm" kind of Illinois battery, not the "insulting or provoking nature" kind of Illinois battery.

Stated another way, Taylor was convicted of the type of aggravated battery under Illinois law which necessarily had as an element "the use, attempted use, or threatened use of physical force against the person of another" and thus fell squarely within the elements clause of U.S.S.G. 4B1.2(a)(1). The Illinois aggravated battery conviction was appropriately counted as a predicate offense for career offender purposes.

Therefore, if the Supreme Court in *Beckles* holds that *Johnson* extends to the Guidelines (invalidating the residual clause of U.S.S.G. 4B1.2(a)(2)) and applies retroactively on collateral review, Taylor cannot benefit from that holding.  He was not sentenced under any residual clause.  One of his prior convictions (burglary of a dwelling) counted under the enumerated clause; the other conviction (aggravated battery) counted under the elements cause.  *Johnson* and the cases which followed did not call into question sentence enhancement based on the enumerated or elements clauses of ACCA or the Guidelines.  Those cases spoke only to the unfairness of imposing an enhanced sentence under the residual clause.  No residual clause played a role in Taylor's sentence.

Finally, the Court briefly touches on the Government's remaining argument – that Taylor procedurally defaulted his constitutional vagueness claim.  As a general rule, a claim cannot be raised for the first time in a § 2255 motion, if it could have been (and was not) raised on direct appeal.  Such claims are procedurally defaulted.  *See McCoy v. United States,* 815 F.3d 292, 295 (7th Cir. 2016).

Procedurally defaulted claims *can* be presented on collateral attack if the petitioner shows cause and actual prejudice for his default.  *Id.* Absent such showing, procedural default may be excused only if the petitioner can demonstrate that he is "actually innocent" of the crimes of which he was convicted.  *McCoy,* 815 F.3d at 295, *citing Torzala v. United States,* 545 F.3d 517, 522 (7th Cir. 2008).  Taylor does not assert that he is actually innocent and does not otherwise address procedural default.

The obvious cause-and-prejudice argument he has for failing to present this challenge in his direct appeal is that, before *Johnson*, asserting a vagueness-based claim would have been futile, given the ample precedent holding that the advisory Guidelines, as a matter of law, could not be challenged on vagueness grounds. *See, e.g., Tichenor,* **683 F.3d at 365;** *United States v. Idowu,* **520 F.3d 790, 796 (7th Cir. 2008);** *United States v. Brierton,* **165 F.3d 1133, 1139 (7th Cir. 1999).**

But the law of this Circuit holds that the "cause" needed to excuse procedural default requires the petitioner to show some external impediment to making an argument; the mere fact the argument likely would fail does not constitute cause for its omission. *Richardson v. Lemke,* **745 F.3d 258, 272 (7th Cir. 2014);** *Turner v. United States,* **693 F.3d 756, 758 (7th Cir. 2012).** And, as the Government notes, the Supreme Court has held that the perceived futility of advancing an argument, standing alone, does not constitute cause for failing to include the argument on appeal. In *Bousley v. United States,* **523 U.S. 614, 623 (1998),** the Court, quoting *Engle v. Isaac,* **456 U.S. 107, 130 n. 35 (1982),** reiterated that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"[8]

The undersigned need not and does not reach this argument. Assuming *arguendo* that Taylor has not procedurally defaulted this claim, for the reasons stated above, he cannot prevail on the merits.

---

[8] Some cases have hinted at (or questioned whether) *Bousley* has been read too expansively. *See, e.g., United States v. Smith,* **250 F.3d 1073, 1074-1077 (7th Cir. 2001)(Dissent by J. Wood, J. Rovner, J. Williams).** *See also Webster v. Daniels,* **784 F.3d 1123, 1136 (7th Cir. 2015).**

D.    **<u>Conclusion</u>**

Both of Taylor's predicate offenses are crimes of violence under other provisions of the Guidelines – not the residual clause of U.S.S.G. 4B1.2(a)(2). They were properly counted as predicate offenses, even if the Supreme Court holds that the holding of *Johnson* covers the Guidelines and applies retroactively on collateral review. Accordingly, the Court **DENIES** the § 2255 petition and **DISMISSES** this action with prejudice.

E.    **<u>Certificate of Appealability</u>**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were adequate to deserve encouragement to proceed further." **Miller-El v. Cockrell, 537 U.S. 322, 336 (2003),** *citing Slack v. McDaniel,* **529 U.S. 473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

The Seventh Circuit recently reminded that *Johnson* did not reopen "all questions about the proper classification of prior convictions under the Guidelines.... [T]he sole holding of *Johnson* is that the residual clause [of the ACCA] is invalid." *Stanley v. United States of America,* **827 F.3d 562, 564 (7th Cir. June 1, 2016).**

Anthony Dawon Taylor was not sentenced under the residual clause of the ACCA.   Nor does his sentence depend on the residual clause of the Guidelines.   Taylor's designation as a career offender was grounded on prior convictions falling under the enumerated clause and elements clause of U.S.S.G. 4B1.2.   So, assuming he has overcome his procedural default, he is not entitled to § 2255 relief. Reasonable jurists would not find debatable the conclusion that Taylor has not made a substantial showing of the denial of a constitutional right.   Accordingly, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED September 26, 2016.

s/***Michael J. Reagan***_____
Michael J. Reagan
Chief Judge
United States District Court