## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY DAWON TAYLOR,     )
                                     )
                 Petitioner,    )
                                     )
vs.                                 )         Case No. 15-cv-1087-MJR
                                     )
UNITED STATES OF AMERICA,    )
                                     )
               Respondent.   )

### ORDER ON MOTION TO RECONSIDER

**REAGAN, Chief Judge:**

At the conclusion of a trial in this Court in June 1996 (in Case No. 96-CR-40027-WLB), a jury convicted Anthony Dawon Taylor of conspiracy to distribute and possess with intent to distribute crack cocaine (Count 1) and distribution of crack cocaine (Counts 2 and 3). The late Judge William L. Beatty sentenced Taylor, finding him to be a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines. Judgment was entered on November 13, 1996. Taylor appealed. In June 1997, the United States Court of Appeals for the Seventh Circuit affirmed Taylor's conviction and sentence. *United States v. Taylor,* **116 F.3d 269 (7th Cir. 1997).**

In June 1998, Taylor filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 (Case No. 98-cv-4207-WLB). Judge Beatty denied the petition but granted a certificate of appealability on one claim of ineffective assistance of counsel (*id.*, Doc. 26). In June 2002, the Court of Appeals affirmed the denial of Taylor's § 2255 petition. *Taylor v. United States,* **287 F.3d 658 (7th Cir. 2002).**

1

Two years ago, Taylor filed in his closed criminal case a motion to reduce his sentence under Amendment 782 to the Sentencing Guidelines, via 18 U.S.C. 3582. Supplemental briefs raised the June 26, 2015 United States Supreme Court decision in *Johnson v. United States,* **-- U.S. --, 135 S. Ct. 2551 (2015).** In August 2015, the undersigned denied Taylor's motion to reduce sentence, after concluding that Taylor was not entitled to a reduction under Amendment 782. But the undersigned clarified that the denial of relief under Amendment 782 did not preclude Taylor from filing a *Johnson*-based § 2255 petition, if he secured approval from the Court of Appeals to do so. (Because it would be a second or successive petition, such approval was required).

Taylor obtained authorization to file the § 2255 petition. On October 2, 2015, Taylor filed a pro se petition and supporting brief herein seeking a corrected sentence based on *Johnson*. Counsel was appointed to assist Taylor in presenting his *Johnson*-based arguments. The parties briefed the issues thoroughly, with a final supplement filed by Taylor's counsel in April 2016.

On September 26, 2016, the undersigned denied Taylor's § 2255 petition, concluding that Taylor's designation as a career offender was based on prior convictions falling under the *enumerated* clause and *elements* clause of U.S.S.G. 4B1.2(a), not the residual clause of U.S.S.G. 4B1.2(a)(2). So if Taylor had overcome various procedural hurdles to his petition, he would not be entitled to merits-based relief. On October 27, 2016, Taylor moved the undersigned to reconsider the denial of the § 2255 petition. Taylor bases his motion on Federal Rule of Civil Procedure 59(e).

Once final judgment has been entered in a civil case, a dissatisfied litigant's avenues of relief fall under Federal Rule of Civil Procedure 59(e) or 60(b). *See Abcarian v. McDonald*, **617 F.3d 931, 943 (7th Cir. 2010).** Whether a motion is construed under Rule 59(e) or Rule 60(b) depends on the date the motion was filed and the substance of the motion, not the label on the motion. *See Banks v. Chicago Bd. of Educ.*, **750 F.3d 663, 666 (7th Cir. 2014);** *Obriecht v. Raemisch*, **517 F.3d 489, 493-94 (7th Cir.),** *cert. denied*, **555 U.S. 953 (2008).** A 28-day deadline governs Rule 59(e) motions. *Id.  See also Carlson v. CSX Transp., Inc.*, **758 F.3d 819, 825 (7th Cir. 2014).**

Relief under both Rule 59(e) and Rule 60(b) is an "extraordinary remedy" that a court should grant "only in exceptional circumstances." *Willis v. Dart*, **-- Fed. App'x -- 2016 WL 7177756, at \*2 (7th Cir. Dec. 9, 2016);** *Foster v. DeLuca*, **545 F.3d 582, 584 (7th Cir. 2008).** *See also Gonzalez v. Crosby*, **545 U.S. 524, 536 (2005) (extraordinary circumstances needed to justify grant of Rule 60(b) motion).**

Taylor's motion was received by the Clerk's Office on October 27, 2016.  If that date governs, Rule 60(b) applies, because the motion was filed outside the 28-day window of Rule 59(e).  If Taylor gets the benefit of the prisoner mailbox rule (the Court thinks he does), the date on the certificate of service is used (October 22, 2016, *see* Doc. 14, p. 19), and Rule 59(e) applies.[1]  Taylor is not entitled to relief either way.

---

[1]    The mailbox rule holds that certain pleadings submitted by persons reliant on a penal institution to mail court papers are considered filed when they are properly deposited in the prison mail system, not when they are received by the Court.  *See Houston v. Lack*, **487 U.S. 266 (1988);** *Rutledge v. U.S.*, **230 F.3d 1041, 1052 (7th Cir. 2000),** *cert. denied*, **531 U.S. 1199 (2001);** *United States v. Craig*, **368 F.3d 738, 740 (7th Cir. 2004);**

To prevail on a motion to alter or amend judgment under Rule 59(e), the movant "must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* **698 F.3d 587, 598 (7th Cir. 2012),** *quoting Harrington v. City of Chicago,* **433 F.3d 542, 546 (7th Cir. 2006).** A losing party's disappointment with a ruling does not equate to manifest error, and Rule 59(e) may not be used to rehash previously rejected arguments. *Vesely v. Armslist LLC,* **762 F.3d 661, 667 (7th Cir. 2014),** *citing Oto v. Metro. Life Ins. Co.,* **224 F.3d 601, 606 (7th Cir. 2000),** *cert. denied,* **531 U.S. 1152 (2001).**

Taylor contends that this Court committed a "clear error of law" in finding that his 1994 Illinois aggravated battery conviction is a crime of violence without "consulting" the State of Illinois' interpretation of the statute of conviction (720 ILCS 5/12-3). Taylor's lengthy argument boils down to this contention – the Court overlooked that it is possible to commit battery under 720 ILCS 5/12-3 in a way that does *not* involve the use, attempted use, or threatened use of physical force, so a conviction under that statute is not a "categorical match" to a crime of violence under U.S.S.G. 4B1.2(a)(1) (Doc. 14, pp. 10-16).

The undersigned did not overlook that fact at all. The undersigned reached a different conclusion than the one urged by Taylor. Taylor's classification as a career

---

*Edwards v. United States,* **266 F.3d 756, 758 (7th Cir. 2001) (per curiam).** If the prison requires legal documents to be submitted to the law library, that counts as a legal-mail system. *Armstrong v. Louden,* **834 F.3d 767 (7th Cir. 2016).** Originally applied to notices of appeal, the mailbox rule has been extended to habeas petitions and Rule 59(e) motions. *See Taylor v. Brown,* **787 F.3d 851, 858-59 (7th Cir. 2015),** *citing Edwards,* **266 F.3d at 758.**

offender was based on two prior felony convictions: (1) burglary (of a dwelling) and assault with a deadly weapon under U.S. military law, and (2) aggravated battery under Illinois law.  The undersigned found that *both* of those offenses constituted crimes of violence as that term is defined in U.S.S.G. 4B1.2(a).  Taylor's counsel conceded (and Taylor does not now dispute) that the first conviction was for a crime of violence.  Taylor takes issue with the conclusion that aggravated battery with a firearm is a crime of violence under § 4B1.2(a)(1).  He argues that the undersigned wrongly relied on Seventh Circuit precedent rather than Illinois state cases in assessing the aggravated battery conviction.

In analyzing the Illinois aggravated battery conviction, the undersigned carefully explained the categorical and modified categorical approach to deciding whether a prior conviction is a crime of violence for federal sentencing purposes, reviewed the 1994 Illinois battery statute (720 ILCS 5/12-3(a)), found that statute to be divisible (allowing consideration of the charging documents and related exhibits), and ultimately concluded that Taylor was convicted under the "causes bodily harm" prong of the Illinois statute, which meant his aggravated battery conviction qualified as a crime of violence and was properly counted as a predicate offense for career offender purposes.  In reaching this decision, the undersigned cited, *inter alia*, **Hill v. Werlinger, 695 F.3d 644, 649 (7th Cir. 2012),** and **United States v. Rodriguez-Gomez, 608 F.3d 969, 973-74 (7th Cir. 2010).**  Those are Seventh Circuit cases.  But they both interpreted the Illinois aggravated battery statute and concluded that a conviction under the "causes bodily harm" prong of the statute is a crime of violence for federal sentencing purposes.

5

The Order concluded:  "Taylor was convicted of the type of aggravated battery under Illinois law which necessarily had as an element 'the use, attempted use, or threatened use of physical force against the person of another' and thus fell squarely within the elements clause of U.S.S.G. 4B1.2(a)(1)" (Doc. 12, p. 17).  "Both of Taylor's predicate offenses are crimes of violence under other provisions of the Guidelines – not the residual clause of U.S.S.G. 4B1.2(a)(2).  They were properly counted as predicate offenses, even if the Supreme Court holds that the holding of *Johnson* covers the Guidelines and applies retroactively on collateral review" (*Id.*, p. 20).

Rule 59(e) "requires the movant to 'demonstrate a manifest error of law or fact or present newly discovered evidence.'" ***Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505-06 (7th Cir. 2016), *quoting Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011).** Manifest error requires "wholesale disregard, misapplication, or failure to recognize controlling precedent" by the court. ***Burritt v. Ditlefsen*, 807 F.3d 239, 243 (7th Cir. 2015), *quoting Oto*, 224 F.3d at 606.**  Taylor has not pointed to newly discovered evidence or identified any manifest error in the Court's ruling.

Nor has he satisfied the test for Rule 60(b) relief (if the mailbox rule doesn't apply).  Rule 60(b) allows relief from judgment on the grounds of mistake, surprise, newly discovered evidence, fraud, misconduct by the opposing party, and other bases justifying relief.  **FED. R. CIV. P. 60(b).**  But only if the movant has demonstrated exceptional circumstances.  ***Banks*, 750 F.3d at 668; *Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014).**  Taylor has not shown exceptional circumstances, he reargues positions already presented to and rejected by this Court.  The only mistake he

6

identifies is the undersigned's alleged failure to consider Illinois precedent in interpreting the Illinois aggravated battery statute.   But it was not error to rely on cases in which the Seventh Circuit did that very thing.  Rule 60(b) relief is not warranted.

Finally, to the extent that Taylor's motion to reconsider could be construed as mounting a fresh collateral attack on his *criminal* judgment, it would constitute a successive § 2255 proceeding which he did not obtain authorization from the Court of Appeals to pursue.  *See, e.g., Lawuary v. United States*, **669 F.3d 864, 866 (7th Cir. 2012) (Rule 60 motion that presents claim for release from prison should be treated as a new petition for collateral relief, "no matter what its caption");** *Hare v. United States*, **688 F.3d 878, 880 (7th Cir. 2012) (motions that are functional equivalent of collateral attacks must be closely scrutinized so as to not allow end-runs around the successive petition limitation imposed in § 2255);** *Curry v. United States*, **307 F.3d 664, 666 (7th Cir. 2002) (Rule 59(e) motion attacking denial of second collateral attack should have been construed as a successive collateral attack and denied for want of jurisdiction).**

For all these reasons, the Court **DENIES** Taylor's motion to reconsider (Doc. 14).

IT IS SO ORDERED.

DATED January 23, 2017.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge